

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH WALTON ) | Case No. |
| ) | |
| ) | **24 CV 2078** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| JP MORGAN CHASE N.A., ) | |
| CODOLIS LAW, JAMIE DIMON, ) | |
| TED SWIECICHOWSKI, AND ) | |
| RICHARD E. HENDRICKSON ) | |
| in their individual capacity. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT
## JURY TRIAL DEMAND

The Plaintiff Deborah Walton, brings this Complaint under General

Business Law § 349, Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

§ 2601 et seq., Fair Credit Reporting Act (FCRA), 15 U.S.C. §§1681, *et.*

*seq.* and Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. §§1692, *et. seq.*

## INTRODCTION

1.  This is an action for damages brought by an individual consumer for

Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, et.

Seq.  (hereafter the "FCRA"); Real Estate Settlement Procedures Act

1

(hereafter the "RESPA") and Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. §§1692, *et. seq.* (hereafter the "FDCPA"), constituting unfair and deceptive acts and practices under the New York Deceptive Acts and Practices law.   General Business Law § 349.  These laws prohibit furnishers of information to consumer reporting agencies, and the consumer reporting agencies from engaging in abusive deceptive, negligent, and unfair reporting practices and require servicers of loans to provide certain information upon request.

The facts of this case are better understood after a brief overview of the laws at issue. The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., also known as RESPA, is a consumer protection statute that regulates the activities of mortgage lenders, brokers, servicers, and other businesses that provide services for residential real estate transactions. One provision, § 2605, addresses numerous aspects of the servicing of mortgage loans, including transfers from one servicer to another and the administration of escrow accounts that lenders use to ensure that insurance and property taxes are paid for the mortgaged property.

However, section 2605(e) imposes duties on a loan servicer that receives a "qualified written request" for information from a borrower. Written correspondence triggers RESPA if it "includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower … that the account is

in error or provides sufficient detail to the servicer regarding other information sought by the borrower." § 2605(e)(1)(B); Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 687 (7th Cir. 2011) ("Any reasonably stated written request for account information can be a qualified written request.").

Therefore, section 2605(e)(2) requires the servicer to do one of the following three things no later than 30 business days after receiving a qualified written request from a borrower: (1) make appropriate corrections to the borrower's account and provide written notice of the corrections to the borrower; (2) after investigating the borrower's account, provide a written explanation as to why the servicer believes the account does not need correction; or (3) after investigating the borrower's account, provide the requested information or explain in writing why the information cannot be obtained. The servicer must also include with the response the contact information for an individual who can provide assistance. Id. In § 2605(f), RESPA provides a private right of action for actual damages resulting from violations of § 2605.

## JURISDICTION

2.  Jurisdiction is premised on 15 U.S.C. § 1681(p), 12 U.S.C. § 2614, 28 U.S.C. § 1391, 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202.  Venue in this District

is proper in that Defendants conduct business.  Additionally, Chase Home Finance LLC maintains offices here.

## PARTIES

3. Plaintiff is a natural person who resides at 12878 Mayfair Lane, Carmel Indiana 46032.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 of the FDCPA.

6. Upon information and belief, Defendant Chase Home Finance LLC ("Chase") is a business entity regularly engaged in the business of making and servicing home loans with an office located at 1211 Avenue of the Americas, New York, New York 10036.

7. Chase is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA, and as defined by 12 U.S.C. § 2602 of the RESPA.

8. Jamie Dimon is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA, and as defined by 12 U.S.C. § 2602 of the RESPA.

9. Ted Swiecichowski is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA, and as defined by 12 U.S.C. § 2602 of the RESPA.

10. Codolis Law LLC as defined by 15 U.S.C. § 1692 of the FDCPA, and as defined by 12 U.S.C. § 2602 of the RESPA.

11. Richard Hendrickson as defined by 15 U.S.C. § 1692 of the FDCPA, and as defined by 12 U.S.C. § 2602 of the RESPA.

## FACTUAL ALLEGATIONS

12. Plaintiff obtained a federally related mortgage loan (the "Mortgage") as that term is defined in 12 U.S.C. § 2602(1) of the RESPA, from Washington Mutual, Inc., for her property at 12878 Mayfair Lane, Carmel Indiana, 46302.

13. Chase became the servicer and owner of the Mortgage that the Plaintiff originally obtained from Washington Mutual, Inc.

14. Upon information and belief, Plaintiff timely made all required payments on the Mortgage both before and after Chase became the servicer and owner of the Mortgage.

15. After receiving payments that were due on Plaintiff's Mortgage, Chase refused to post the Plaintiff's checks to her Mortgage account.

16. Despite assurances from Chase that it would place a "**Hold**" on Walton's account to prevent any foreclosure and or derogatory reporting of her Mortgage; however, the Plaintiff just recently learned that Chase started reporting derogatorily information, and misreporting Walton's, Mortgage account to Experian as a *Deed In Lieu*, including but not limited to reporting the Mortgage account as delinquent while they were investigation her QWR Letter under RESPA, on March 5, 2024. **Ex. A** (Walton) **Aff. ¶ 3; Ex. B** (QWR); **Ex. C** (Experian notes: *"Deed In Lieu"*)

17. Plaintiff disputed the Chase Mortgage account in 2010, and settled with Experian to remove the account and delete it from her Credit Profile, and under the FCRA statue 15 U.S. Code § 1681c, seven years have expired.

18.  Plaintiff then sent Chase Home Loans a QWR Letter via certified mail demanding, *inter alia*, a complete payment history for her Mortgage pursuant to RESPA, as well as a copy of any annual escrow statements and notice of mortgage deficiency or surplus from the date Chase obtained the Mortgage to the present, and requesting that this documentation be sent directly to her.

19.  Chase did not comply with the first two demands in Plaintiff's QWR Letter. **Ex. A** (Walton) **Aff. ¶ 4**

20.  Plaintiff filed a complaint against Chase Home Loans under cause number  1:11-cv-00322-VM.   **Ex. A** (Walton) **Aff. ¶ 5**

21.  Plaintiff filed a second complaint against Chase Home Loans under cause number 1:16-cv-0447-TWP-DKL.   **Ex. A** (Walton) **Aff. ¶** 6

22. Plaintiff noticed the inconsistence of the payments on her mortgage statements. **Ex. A**  (Walton) **Aff. ¶ 7**

23.  Plaintiff settled with Chase and her Mortgage interest rate went from 6.25 percent to 3.125 percent. **Ex. D** (Rate Chart); **Ex. A** (Walton) Aff. ¶ 8

24. Plaintiff sent Chase Home Loan a Qualified Written Request Letter on May 16, 2022, Chase never responded to the QWR Letter.   **Ex. A** (Walton) **Aff. ¶ 9**

25.  Plaintiff sent Chase Home Loans a second Qualified Written Request Letter, on October 26, 2022.  **Ex. A** (Walton) **Aff. ¶ 10**, Chase failed to respond.

26.  Plaintiff sent Chase Home Loans a third Qualified Written Request Letter, on January 17, 2023, .  **Ex. A** (Walton) **Aff. ¶ 11**, Chase responded with a letter of whom the Plaintiff was to contact concern her mortgage

and a ledger of payments with an interest rate of 6.25 percent, not what was previously agreed to back in 2011. **Ex. B** (QWR); **Ex. E** (Chase Letter).

27. Plaintiff entered into a verbal agreement with Ted Swiecichowski, concerning the documents he would provide her and that the mortgage would be put on **HOLD**, until the issues were resolved, and they both had a tentative amount the Plaintiff would pay, upon receiving the break down of the agreed interest rate of 3.125 percent, and amount of credits the Plaintiff was entitled to, along with applying the payments that were not applied. **Ex. A** (Walton)  **Aff. ¶12**.

28. Plaintiff just recently learned on March 8, 2024, that Chase started reporting to Experian information that was being disputed in a QWR Letter and protected under RESPA. **Ex. A** (Walton) **Aff. ¶13**

29. Chase knew or should have known, that the Plaintiff's mortgage was protected by RESPA, and that the Plaintiff was working directly with Ted Swiecichowski; however, there is nothing in any of the communication between Mr. Swiecichowski, and the Plaintiff that alleges her RESPA dispute has been resolved, nor any correspondence between the two, that the Plaintiff entered into an agreement (***Deed In Lieu***); which is also false, and a violation of the FCRA.  **Ex. C** (Experian Notes) **Ex. A** (Walton) **Aff. ¶14**

30. As a result of the acts alleged above, Plaintiff has suffered damage to her credit, as well as embarrassment, emotional destress, and severe anxiety.

## COUNT I

## VIOLATION OF GENERAL BUSINESS LAW § 349

31.  Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

32.  General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the provision of goods and services to a consumer.

33.  Ted Swiecichowski, verbally told, and emailed the Plaintiff that her Mortgage was on hold while he was getting the Plaintiff a breakdown of the accounting that made up the amount Chase alleges the Plaintiff owes.

34.  Defendants engaged in deceptive conduct in the servicing of Plaintiff's loan and in the reporting of the status of that loan.

35.  Defendants engaged in deceptive conduct when they told Experian that they entered into an agreement labeled Deed In Lieu, which is malicious conduct, and Jamie Dimon should be held accountable for such conduct.

36.  The deceptive conduct includes, without limitation, inaccurate reporting of the status of Plaintiff's Mortgage, and false statements to Experian.

37.  This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

38.  Plaintiff is entitled to damages and attorneys' fees as a result of Ted Swiecichowski; Richard Hendrickson; Chase and Experian's violations of GBL § 349.

## COUNT II

## CHASE VIOLATION OF THE FCRA 15 U.S.C. § 1681i

39. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

40. Chase knew that the Plaintiff's mortgage was in dispute under RESPA, and they even hired Richard Hendrickson, a collection agent to send a letter under FDCPA, and before the Plaintiff could respond the started the collection process.

41. Chase published its representations regarding Plaintiff's Mortgage payments and status to Experian and the newspaper, by which Chase defamed the Plaintiff.

42. Chases defamation of Plaintiff was willful and with malice.

43. Chase through their Agent Ted Swiecichowski, did not have a reasonable basis to believe that Plaintiff's Mortgage should be reported with derogatory information, and in fact had substantial evidence to verify that no derogatory reporting should be made of Plaintiff's Mortgage.

44. Chase willfully neglected to follow procedures without verifying, confirming, and reviewing Plaintiff's Mortgage and its status.

45. As a result of Chase's conduct, actin, and inaction Plaintiff has suffered damages, including but not limited to, emotional distress, embarrassment, and damage to her credit.

46. The defamation, conduct and inaction of Chase were willful, deliberate, intentional and/or with reckless disregard for Plaintiff's interests and rights to justify and award of punitive damages against Chase in an amount to be determined by the Court.

## COUNT III
## CHASE VIOLATION OF THE FCRA 15 U.S.C. § 1681s-2(b)

47. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

48. Chase violated the FCRA 15 U.S.C. § 1681s-2(b) by starting to report to Experian with direct knowledge that a dispute was in place under RESPA, concerning the Plaintiff's Mortgage.

49. As a result of Chase's conduct, actin, and inaction Plaintiff has suffered damages, including but not limited to, emotional distress, embarrassment, and damage to her credit.

50. Chase's conduct, action and inaction, was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Experian was negligent and is liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1681o.

51. Plaintiff is also entitled to recover her fees and costs and attorneys' fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT IIII

## CHASE VIOLATION OF THE RESPA 12 U.S.C. § 2605

52.    Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

53.    Plaintiff sent Chase Home Loan a Qualified Written Request Letter on May 16, 2022, Chase never responded to the QWR Letter.  Plaintiff demanded, *inter alia*, a complete payment history for her Mortgage pursuant to RESPA, as well as a copy of any annual escrow statements and notice of mortgage deficiency or surplus from the ate Chase obtained the Mortgage to the present.

54.    Plaintiff sent Chase Home Loan a second Qualified Written Request Letter on October 26, 2022, Chase never responded to the QWR Letter.

55.    Plaintiff sent Chase Home Loans a third Qualified Written Request Letter, on January 17, 2023, Chase responded with a letter of whom the Plaintiff was to contact concern her mortgage and a ledger of payments with an interest rate of 6.25 percent, not what was previously agreed to back in 2011.

56.    As of the date of this Complaint, and in violation of 12 U.S.C. § 2605(e) Chase has failed to provide the information that it is required to provide by the RESPA in response to Plaintiff's Qualified Written Request Letter.

57.    As a result of its violations of RESPA 12 U.S.C. § 2605(e), Chase is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT V

### FOR AN ACCOUNTING PURSUANT TO THE RESPA

58.  Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

59.  Plaintiff sent a Qualified Written Request Letter to Chase on or about May 16, 2022, and again October 26, 2022 and January 17, 2023.

60.  Chase has not complied with Plaintiff's request as required by the RESPA.

61.  Chase is in violation of RESPA.

62.  Plaintiff requests that Chase be ordered to provide a strict and total explanation of the accounting of Plaintiff's loan.

## COUNT VI

### RICHARD HENDERICKSON IS IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT  (FDCPA)

63.  Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs of the complaint as if set forth more fully herein.

64.  Chase hired Codolis Law Fair and Richard Henderickson to collect the debt of the Mortgage against the Plaintiff, however they violated the FDCPA when the sent a letter dated February 27, 2024 and started the collection process on February 29, 2024, and reported the debt to Experian on March 5, 2024.  **Ex. F** (Collection Letter)

WHEREFORE, Plaintiff Deborah Walton respectfully requests a trial by jury and also requests that judgment be entered against Defendant for the following:

A.    Declaratory judgment that Defendants' conduct violated the FCRA;

B.    Declaratory judgment that Chase's conduct violated the RESPA;

C.    Actual damages;

D.    Punitive damages;

E.    An accounting pursuant to the RESPA;

F.    Statutory damages pursuant to 15 U.S.C. §1681n;

G.    Statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B);

H.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681o,

12 U.S.C. § 2605(f)(3); and General Business Law § 349; and

I.    For such other and further relief as the Court may deem just and proper.


Date: March 18, 2024




Respectfully submitted,




Deborah Walton, pro se

13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DEBORAH WALTON          )     Case No.
                                   )
                                   )
                                   )
          Plaintiff,        )
                                   )
   vs.                       )
                                   )
                                   )
CHASE HOME LOANS, EXPERIAN )
CODOLIS LAW, JAMIE DIAMOND, )
TED SWIECICHOWSKI, AND     )
RICHARD E. HENDRICKSON    )
in their individual capacity.      )
                                   )
                                   )
          Defendants.    )
                                   )

## **AFFIDAVIT OF DEBORAH WALTON**

Comes now Deborah Walton, being first duly sworn upon this oath, and deposes and says:

1. I am an Adult, and competent to testify as to matters contained herein.

2. The Plaintiff in this case and have personal knowledge as to the matters contained in this case and in this Affidavit.

3. That I sent Chase three Qualified Written Request Letters, and was currently in communications with Ted Swiecichowski, working on solving my disputes, and bring my Mortgage Loan current. I received notification from Experian that my credit profile had changed, and when I accessed my credit report online, I noticed that Chase had put my home in foreclosure with a notification that I filed a Deed In Lieu, which was not the case. I was never in communication with Chase about surrendering my home to them.

**EXHIBIT "A"**

4. I sent Chase three Qualified Written Request Letters, and they did not respond to the first two (QWR) Letters.

5. I filed a complaint against Chase Home Loans for the same RESPA violations.

6. I filed a second complaint against Chase Home Loan for the same RESPA violations.

7. I notice my mortgage payment was not matching up with the payment amount I agreed to with Chase.

8. I settled with Chase Home Loans and they modified my interest rate from 6.25% to 3.125%, and the agreement had the modification documents attached.

9. I sent Chase Home Loans a QWR Letter on May 16, 2022, an they never responded.

10. I sent Chase Home Loans a QWR Letter on October 26, 2022 an they never responded.

11. I sent Chase Home Loans a third QWR Letter on January 17, 2023 and they did respond.

12. I had a verbal agreement with Ted Swiecichowski, that my mortgage would be put on hold until he and I could figure out the true and accurate amount I owed, and that I would be making the payment with a certified check and he would send me a label, so I could mail my payment to the right department.

13. I was notified by Experian on March 8, 2024, that my credit profile had changed, and when I reviewed a recent copy of my credit report, I noticed, Chase Home Loans had furnished incorrect information about my mortgage to Experian. March 16th Experian did removed it.

14. I never had a conversation with Ted Swiecichowski, about surrender my home and I never signed a Deed In Lieu with Chase Home Loans.

**I AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE.**

**Deborah Walton, pro se**

**Deborah Walton**
12878 Mayfair Lane, Carmel IN  46032

May 16, 2022

Chase
Mail Code LA4-6911
700 Kansas Lane
Monroe, LA  71203-4774

## Qualified Written Request Letter

**RE:** Mortgage Loan Account Number 3011909458    Soc Sec # xxx-xx-4838
**Property Address:** 12878 Mayfair Lane, Carmel  IN  46032

**Sent Via:** Certified Mail 7021 2720 0000 7726 8924

Dear Customer Relations:

Please treat this as a Qualified Written Request Letter. I would appreciate if you would provide me with an explanation as to why Chase Home Mortgage did not apply several of my Mortgage Payments that were made over two years ago, and still have not, been applied according to the May 1, 2022 Mortgage Statement I recently received.  I would also appreciate an explanation as to why my mortgage payments are not being accepted.

I have enclosed the Letter I sent to Wyatt, Tarrant & Combs, LLP, in response to their letter concerning Mortgage Assistance; with the USPS certified mail details.  I have also enclosed a copy of the letter they sent back, in response to my September 2, 2020 letter.

I would appreciate if you would apply all of the payments I have made, and send me an updated Mortgage Statement, with the breakdown of any fees, escrows and the total amount I currently owe on my Mortgage.  I am disputing the fact that my loan payments have not been applied, and I would appreciate if you would provide me the following contact information with the name and phone number of the person I will need to speak to about my Mortgage Loan.  Please respond to the address listed above in compliance with RESPA (Qualified Written Request Letter)

Cordially,

Deborah Walton

**EXHIBIT "B"**

### Deborah Walton
12878 Mayfair Lane,  Carmel IN 46032

January 17, 2023

Chase
Mail Code LA4-6911
700 Kansas Lane
Monroe, LA 71203-4774

### THIRD
### Qualified Written Request Letter

**RE:** Mortgage Loan Account Number 3011909458   Soc. Sec # xxx-xx-4838
**Property Address:** 12878 Mayfair Lane Carmel  IN 46032

**Sent Via: 7021 2720 0000 7726 9051**

Dear Customer Relations:

I received your response to my Second Qualified Written Request Letter, that was dated August 24, 2022 on October 26, 2022.  Per your letter, you provided me with the name of a Mr. Jordan M. White, and instructed me to contact him at 502-562-7346.  I called Mr. White concerning the documents you enclosed, on three different occasions, and I left him a two voice messages.  However, I have yet to receive a call back from him.

Please provide me with a better contact person, so I can discuss the documents I received and tender Chase Home Loans a check for the amount that is due.

Cordially,

Deborah Walton

### EXHIBIT "B"

## Your Recent Alerts

### Credit Rating Decrease

Your Credit Rating has changed from Good to Fair.
Mar 08, 2024

### Score Decrease

Your FICO® Score has decreased by 94 points.
Mar 08, 2024

### Bank Adjustment / Deed in Lieu / Bank Liquidation

JPMCB HOME has flagged your account as Bank Adjustment / Deed in Lieu /
Bank Liquidation.
Mar 08, 2024

EXHIBIT "C"



Loan Number    3011809458

## IMPORTANT DISCLOSURES REGARDING YOUR MODIFICATION OFFER

Chase wants to congratulate you on qualifying for the pre-approved loan modification offer that accompanies this notice. Please review the offer materials carefully. If you decide to accept the offer, the terms of your modified Loan will have the following changes effective with your first modified payment due on June 01, 2013:

| Prior Principal and Interest: $2,122.39* | New Principal and Interest: $1,840.74* |
|---|---|
| Prior Interest Rate: 6.250% | New Interest Rate: 3.125% |
| Prior ARM Index: Not applicable | New ARM Index: Not applicable |

*This amount does not include monthly escrow payments for taxes, insurance or similar items.

Assuming you make your current minimum payments on time, your loan balance as of the May 01, 2013 interest rate change date is anticipated to be $594,000.00. Please reference the final modification agreement enclosed as a part of the offer materials for complete terms and conditions of your modified loan. The new terms stated above will only go into effect if you accept the offer within the time required.

¹ If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Page 1 of 1

JUNE 01, 2013
xxx.05_16_2013_11_81_41

EXHIBIT "D"

**CHASE ◉**

Executive Office (Mail Code OH4-7120)
3415 Vision Drive
Columbus, OH 43219

February 3, 2023

Deborah Walton
12878 Mayfair Ln.
Carmel, IN 46032

**Here is the information you requested about your mortgage loan**

| | |
|---|---|
| Customer Name: | Deborah Walton |
| Account: | ******9458 |
| Reference Number: | ECW220520-02488-R2 |
| Property Address: | 12878 Mayfair Ln.
Carmel, IN 46032 |

Dear Deborah Walton:

We are responding to your request for information regarding your mortgage loan referenced above.

If you have questions about your mortgage loan, please contact:

> Ted J. Swiechichowski, Esq.
> Vice President, Assistant General Counsel
> JPMorgan Chase & Co.
> Home Lending Legal Department
> 4900 Memorial Highway,  Floor 4
> Tampa, FL 33634-7536
>
> Telephone: 1-813-584-3991
> Email: ted.j.swiecichowski@chase.com

We are enclosing the following documents:

- Loan Transaction History
- Escrow Transaction History
- Payoff Quote
- Reinstatement Quote

These documents show the payments received and posted to your mortgage loan account, payments we have made on your behalf toward taxes and insurance, as well as the amounts required to pay off or reinstate the loan.

Sincerely,

Home Lending Executive Office
www.chase.com

Enclosures

**EXHIBIT "E"**

02/27/2024

Codilis Law, LLC
8050 Cleveland Place
Merrillville, IN 46410
(219) 736-5579
fdcpa@codilis.com

To:   Deborah M. Walton A/K/A Deborah Walton
      P.O. Box 292
      Carmel, IN 46082
      **CL File No: 15-24-00168**
      **Loan No: ##9458**

**Codilis Law, LLC is a debt collector.** We are trying to collect a debt that you owe JPMorgan Chase Bank, National Association. We will use any information you give us to help collect the debt.

## Our information shows:

You have a mortgage loan with JPMorgan Chase Bank, National Association with account number ##9458.

ATTACHED IS YOUR MOST RECENT PERIODIC STATEMENT

**Total amount of the debt now:  $638,088.06**

Because of interest and other charges that vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

## How can you dispute the debt?

§ **Call or write to us by April 3, 2024 to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

§ **If you write to us by April 3, 2024** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at fdcpa@codilis.com.

## What else can you do?

§ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by April 3, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at fdcpa@codilis.com.

§ **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

§ Contact us about your payment options.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Mail this form to:**
Codilis Law, LLC
8050 Cleveland Place
Merrillville, IN 46410
CL File No: 15-24-00168

**From:**
Deborah M. Walton A/K/A Deborah Walton
P.O. Box 292
Carmel, IN 46082

## How do you want to respond?

*Check all that apply:*

o **I want to dispute the debt because I think:**

   - o This is not my debt.
   - o The amount is wrong.
   - o Other (please describe on reverse or attach additional information).

o **I want you to send me the name and address of the original creditor.**

## EXHIBIT "F"

**Transaction activity**

| Transaction date | Description | Total received | Principal | Interest | Escrow | Fees/ Advances | Unapplied funds |
|---|---|---|---|---|---|---|---|
| 02/07/2024 | FORECLOSURE ATTORNEY COST | | | | | $960.00 | |



## Additional Information

The Corporate Advance Balance may be for funds we applied as a courtesy to make a full payment on your behalf. This may occur when we receive funds from you that are less than your payment amount.

Also, depending on the status of your account, it may cover inspections, home valuations, legal fees and costs, property maintenance, or other expenses. Your Corporate Advance Balance is listed under the Mortgage information section on this statement.

Unless you specify otherwise, we will apply funds received in excess of the payment due to additional periodic payments up to two months ahead. Any funds remaining after application of the periodic payments or any amount insufficient to make an additional payment will be applied to outstanding fees and advances, and then as a principal reduction. All principal reductions are applied after periodic payments are applied.

## Contact Information and Disclosures

For all of our ways to contact us, please visit www.chase.com/Mortgage-Contact-Us

| **Customer Service Inquiries** | **Designated Address for Notices of Error, Information Requests, and Qualified Written Requests** | **Insurance Bills & Policies** | **Overnight Payment** |
|---|---|---|---|
| Chase<br>Mail Code LA4-6475<br>700 Kansas Lane<br>Monroe, LA 71203 | Chase<br>Mail Code LA4-6911<br>700 Kansas Lane<br>Monroe, LA 71203-4774 | www.MyCoverageInfo.com/chase<br>Email: chase@mycoverageinfo.com<br>Chase<br>P.O. Box 4465<br>Springfield, OH 45501<br>Fax: 1-678-475-8799<br>(Free of charge from any Chase branch) | Chase<br>ATTN: P.O. Box 78420<br>8131 East Elwood St.<br>Suite 130<br>Phoenix, AZ 85034 |

### Account Information Reported to Credit Bureau
We may report information about your Account to credit bureaus. Late payments, missed payments or other defaults on your Account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, please write to us at Chase Home Lending, Mail Code LA4-6945, 700 Kansas Lane, Monroe, LA 71203.

If you do not make your mortgage payment on time or request services from Chase, you may be charged fees. Those fees may include those shown in your loan documents, provided by law, or related to the services provided. The fee structure may change without notice except where prohibited by law. Other fees may be charged for services provided. Fees may not be applicable to certain products and may be limited by law.

### ¹Loan Payoff Information
Your Unpaid Principal Balance is not a payoff quote. Learn more about the payoff process by calling the phone number in the Resources of this statement.

### Important Bankruptcy Information
If you or your account is subject to pending bankruptcy proceedings, or if you received a bankruptcy discharge, this statement is for informational purposes only and is not an attempt to collect a debt.

### Homeowner Assistance
You can call the U.S. Department of Housing and Urban Development at 1-800-569-4287, or the U.S. Department of the Treasury-sponsored HOPE Hotline number at 1-888-995-HOPE (1-888-995-4673) to get free assistance, or visit www.HomeNow.com You can also find a nonprofit HUD-approved counselor who can provide the information and assistance you may need to avoid foreclosure by using the search tool at www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm These HUD-approved housing counseling agencies found on www.HUD.gov can also help you with your household budgeting at no charge.

You may have the ability to apply for the Department of Treasury's Homeowner Assistance Fund (HAF), if HAF is available in your jurisdiction. If your state or jurisdiction offers HAF programs, you may contact these programs directly for more information, including how to apply.

### Crediting of Payments
Payments will be credited as of the day we receive them if the payment is received by 5:00 p.m. in the time zone in which the mailing address on your payment coupon is located and if:
- (a) the payment is received Monday through Saturday except for legal holidays
- (b) the payment is received at the address shown on your payment coupon
- (c) your payment is made with a check or money order drawn on a U.S. bank in U.S. dollars
- (d) the attached payment coupon is enclosed with your payment and
- (e) your payment is sent in the enclosed return envelope.

Credit for payments made in any other manner may be delayed for up to five (5) days. Please allow five to seven (5-7) days for payments to reach the payment address. Please do not send cash through the mail. Please include your account number and name on the front of your check or money order. Do not staple, tape or paper clip your payment to your payment coupon. If you want to change how we applied your payment to your mortgage loan, we must receive your request within 60 days of the payment date.

AUTHORIZATION TO CONVERT YOUR CHECK TO AN ELECTRONIC TRANSFER DEBIT: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check. Your bank account may be debited as soon as the same day we receive your payments. You may not receive your check back from your institution.

700 Kansas Lane
LA4-6533
Monroe, LA 71203

Statement date 02/16/2024

| Payment due | Amount due |
|---|---|
| 03/01/2024 | $216,022.61 |

37151 MSD 2 04724 C · ERE
DEBORAH WALTON
PO BOX 292
CARMEL IN 46082-0292

## Mortgage information

| | |
|---|---|
| Account number | 3011809456 |
| Property address | 12878 Mayfair Ln |
| | Carmel, IN 46032 |
| Original principal balance | $504,000.00 |
| Unpaid principal balance | $470,863.02 |
| Capitalized interest balance | $94,435.62 |
| Maturity date | 05/2053 |
| Interest rate | 3.12500% |
| Escrow balance | ($77,888.62) |
| Corporate advance balance | $1,207.05 |

## Past payments breakdown

| | Paid since last statement | Paid year-to-date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

## Explanation of amount due

| | |
|---|---|
| Past due amount | $209,342.83 |
| Accelerated amount | $636,047.79 |
| Total payment due on 03/01/2024 | $216,022.61 |

## Your Account has been Accelerated

The Explanation of Amount Due section of this statement includes the Accelerated Amount, which is determined as of the date of this statement and includes full principal balance, interest, fees, and any recoverable advances. By sending this statement, and indicating a 'Total payment due' of less than the full accelerated balance, Chase does not waive its acceleration of the balance owed on the loan and the loan remains accelerated.

For additional information about the Total Payment Due and Accelerated Amount, please see the attached Delinquency Information page.

## Ways to pay

Please call us at 1-800-548-7912 to confirm the full payment amount due to bring your account current; payment must be made via wire or certified funds. The acceleration amount is not a payoff quote; to obtain a payoff quote please call us at 1-800-848-9380.

## Reminder

Your tax statement



Your tax statement(s) was mailed by January 31. If you chose paperless, please visit www.chase.com/TaxStatement to view.

## Resources

 www.chase.com/Mortgage

 Call customer service   1-800-848-9380
(24/7 automated line)
Monday - Friday   8 a.m. - 8 p.m. (ET)
Saturday   8 a.m. - 6 p.m. (ET)

 Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-855-280-4198 o visita www.chase.com/Statement

This Space Intentionally Left Blank

0000001 1890-1ICIP 240216 Page 1 of 3   37151

# Deborah Walton
P.O. Box 292,  Carmel IN 46082

March 18, 2024

United States District Court
Southern District of New York
500 Pearl Street
Pro Se Office
New York, NY 10007-1312



To Clerk of Court

I have enclosed a cashier check in the amount of $405.00; with two copies of my
Complaint against Chase Home Loans and Experian.  Please keep one copy for the
Court, and please return the other copy to me file stamped.  I have also enclosed a
self-addressed envelope.

If you should have any questions, I can be reached at the address listed above.


Regards,


Deborah Walton

Align top of FedEx Express® shipping label here.



RECEIVED
MAR 19 2024
PRO SE OFFICE

ORIGIN ID:MZZA   (317) 565-6744
ICONNECT INC
4455 LYNDON B JOHNSON FWY
DALLAS, TX 75244
UNITED STATES US

SHIP DATE: 18MAR24
ACTWGT: 0.75 LB
CAD: 6997104/SSF02500

BILL THIRD PARTY

TO  US DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL ST
PRO SE OFFICE
NEW YORK NY 10007
(555) 555-5555          REF:
INV:
PO#                     DEPT:



FedEx
Express

E

# Envelope

## Recycle me

TRK#
0201  2722 9692 6321

TUE – 19 MAR 5:00P
STANDARD OVERNIGHT

XS PCTA

10007
NY–US  EWR

