UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH WALTON,

               Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A. et al.,

               Defendants.

24-CV-02078 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    On March 27, 2024, the Court issued an Order directing Plaintiff Deborah Walton, who is proceeding here without counsel, to show cause why the Court (1) should not transfer this case to the United States District Court for the Southern District of Indiana; and (2) should not impose a filing injunction. *See* ECF No. 8. Having reviewed Walton's responses, *see* ECF Nos. 9-10, and weighed the relevant factors, *see, e.g.*, *New York Marine and General Insurance Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010), the Court concludes that transfer to the Southern District of Indiana is indeed warranted pursuant to 28 U.S.C. § 1404(a). Such transfer is appropriate "for the convenience of parties and witnesses" given that all of the relevant events in this case occurred in the Southern District of Indiana. *Id.*; *see also* ECF No. 6, at 1. It is also "in the interest of justice" because Walton is plainly seeking to sue here in an attempt to evade the filing ban imposed by the Seventh Circuit — indeed, her responses to the Order to Show Cause all but admit as much. *See* ECF No. 9, at 4; ECF No. 10, at 2. To the extent that Walton believes the filing ban in the Seventh Circuit is improper, as she suggests, *see* ECF No. 10, at 2, her remedy is to challenge it there, not to do an end run around it by filing a lawsuit here.

    By contrast, the Court declines to impose a filing injunction in this District at this time. Weighing the relevant factors, *see, e.g.*, *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14

(2d Cir. 2019), the Court concludes that Walton has not yet abused the judicial process in *this* District to a degree that would warrant a filing injunction; the Seventh Circuit's filing ban, combined with the likelihood of transfer to that Circuit, is hopefully and probably enough to deter her from filing additional related lawsuits here. "If not, a filing injunction might well be appropriate. But it isn't yet." *Lead Creation Inc. v. Hangzhou Yueji E-Com. Co.*, No. 22-CV-10377 (JMF), 2023 WL 7413835, at *3 (S.D.N.Y. Oct. 11, 2023).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

The Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of Indiana and to close the case in this District.

SO ORDERED.

Dated: April 3, 2024
       New York, New York

                                                       JESSE M. FURMAN
                                                       United States District Judge